# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WENDEN-BUUDE DIANDA,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | **ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>Case No. 2:23-cv-00895<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

In this action, Plaintiff Wenden-Buude Dianda asserts claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), breach of contract, and violation of due process. Defendants, the University of Utah (the "University") and Dr. Andy Hong, have moved to dismiss Plaintiff's first amended complaint (the "Complaint") under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in this order, the Court will direct Plaintiff to file a second amended complaint, *sua sponte*, and consequently deny Defendants' motion to dismiss as moot.

## BACKGROUND[1]

Plaintiff is a former graduate student in the civil engineering program at the University.[2] In Fall 2021, when she had completed 29 of the 30 credits required to finish her degree, Plaintiff accepted a position as Dr. Hong's research assistant.[3]

---

[1] The facts laid out here are drawn from the allegations in the Complaint, which, for purposes of the motion to dismiss, the Court assumes to be true to the extent they are well-pleaded. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).
[2] ECF No. 22 at 3.
[3] *Id.*

Plaintiff and Dr. Hong had a positive working relationship until about the third week of June 2022, when Plaintiff told Dr. Hong that she was pregnant.[4] In sharing this news, Plaintiff explained that she wished to continue working for Dr. Hong until about August 31, 2022, at which point she would go on maternity leave.[5] Just a few days later, Dr. Hong revoked Plaintiff's lab access, and in about late June or early July, the University requested her resignation.[6] Dr. Hong also gave Plaintiff a failing grade for her work.[7]

Ultimately, the University adjusted Plaintiff's grade to "Withdrawn," but in reporting this change to Plaintiff, it falsely accused her of hiding or failing to turn over files that she accessed as part of her work.[8] Dr. Hong and a colleague also falsely accused her of moving or deleting files—an accusation that started in May 2022 and continued through October 2022.[9] In addition, from August 2022 to October 2022, the University prevented Plaintiff from registering for the final class she needed to complete in order to obtain her degree.[10]

Plaintiff reached out to the U.S. Equal Employment Opportunity Commission (the "EEOC") on May 22, 2023, to start the process of filing a charge of discrimination and ultimately submitted a charge on or about May 30, 2023.[11] Plaintiff then had an intake interview with the EEOC on or about July 17, 2023, and formally signed the charge of discrimination on September 14, 2023.[12] The EEOC issued a Notice of Right to Sue letter on September 22, 2023,[13] and Plaintiff

---

[4] *Id.* at 3–4.
[5] *Id.* at 4.
[6] *Id.* at 4–5.
[7] *Id.* at 5.
[8] *Id.* at 5–6.
[9] *See id.* at 3, 6, 19.
[10] *Id.* at 7.
[11] *Id.* at 19.
[12] *Id.*
[13] *Id.* at 20.

filed this action on December 12, 2023.[14] In the Complaint, Plaintiff asserts causes of action for discrimination and retaliation based on sex and pregnancy, in violation of Title VII, breach of contract, and deprivation of property without due process.[15]

In their motion to dismiss, Defendants assert, among other things, that Plaintiff's Title VII claims are untimely because she did not perfect her charge of discrimination until she signed it on September 14, 2023, which was more than 300 days after the most recent challenged act allegedly occurred in October 2022.[16] Plaintiff does not appear to refute this argument, contending instead that her Title VII claims are timely because, since filing the Complaint, she has located a signed charge of discrimination that she filed on May 26, 2023 (the "May 26 Charge"), which was less than 300 days after October 2022.[17] Plaintiff acknowledges that she did not reference the May 26 Charge in her Complaint.[18] In reply, Defendants concede that some of Plaintiff's Title VII claims may be timely based on the May 26 Charge but argue that Plaintiff is improperly seeking to amend the Complaint through her opposition to the motion to dismiss and should instead be required to file a second amended complaint.[19]

## **DISCUSSION**

At the motion-to-dismiss stage, the Court may not consider materials outside the pleadings that are not at least referenced in the plaintiff's complaint unless it converts the motion to one for summary judgment. *See GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court has broad discretion to convert a motion to dismiss to a motion for summary

---

[14] ECF No. 2.
[15] *See* ECF No. 22 at 7–16.
[16] ECF No. 24 at 7–9.
[17] *See* ECF No. 27 at 2–3, 9–13; ECF No. 27-3 at 2–3.
[18] ECF No. 27 at 2–3.
[19] ECF No. 28 at 2–4.

judgment for the sake of considering matters outside the pleadings. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). When the Court does so, it must provide "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) ("The district court must inform the parties of its conversion and give the parties a reasonable opportunity to accumulate and present all relevant evidence.").

The Federal Rules of Civil Procedure also instruct the Court to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). For instance, leave to amend is warranted when "an opportunity to cure technical errors . . . would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). In appropriate cases, the Court may grant leave to amend without waiting for a motion requesting such leave. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1130 (10th Cir. 1994) (holding that even though plaintiff did not "file a formal motion," the district court should have granted leave to amend because plaintiff "possessed particular grounds for amending her complaint and proceeded under a legitimate understanding . . . that she should wait until a designated time to exercise her right to amend").

Here, the May 26 Charge is not suitable for consideration in the context of a motion to dismiss because, as Plaintiff concedes, she did not reference it in the Complaint. *See GFF Corp.*, 130 F.3d at 1384. In addition, while the Court could consider the May 26 Charge by converting Defendants' motion to dismiss to a motion for summary judgment, *see Lowe*, 143 F.3d at 1381, doing so would not promote efficiency. Defendants filed and briefed their motion under Rule 12(b)(6), relying almost entirely on the contents of the Complaint, and have not had a full opportunity to marshal all the evidence outside the Complaint that they would be entitled to present in the context of a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Cuervo*, 112 F.4th at

4

1312. Thus, to properly consider the May 26 Charge while substantively addressing Defendants' motion, the Court would essentially have to place the parties back at square one by conducting another round of briefing and accepting new, potentially voluminous evidence.

At the same time, the May 26 Charge is clearly relevant—Defendants acknowledge that it may render some of Plaintiff's Title VII claims timely. Accordingly, the Court, acting *sua sponte*, will direct Plaintiff to file a second amended complaint that incorporates, and includes factual allegations relevant to, the May 26 charge.[20] *See* Fed. R. Civ. P. 15(a)(2); *Curley*, 246 F.3d at 1284; *Brever*, 40 F.3d at 1130. This will allow the Court to properly consider the May 26 Charge without the need for summary judgment-level briefing.

The Court's decision to order Plaintiff to file a second amended complaint will render Defendants' motion to dismiss moot. Even so, the Court stresses that nothing in this order prevents Defendants from reasserting relevant arguments from that motion in responding to Plaintiff's second amended complaint.

---

[20] While the Court does not wish to dictate the contents of the second amended complaint, Plaintiff should take this opportunity to streamline her pleading by removing claims and allegations that she acknowledges are not meritorious or no longer wishes to assert. For example, in her response to Defendants' motion to dismiss, Plaintiff stated that she does not oppose dismissal of her constitutional claim and seemed to acknowledge—as she has previously—that her breach of contract claim is preempted. *See* ECF No. 17 at 16–17; ECF No. 18; ECF No. 27 at 16–18. Thus, Plaintiff may wish to omit these claims from the second amended complaint.

## **CONCLUSION & ORDER**

In conclusion, the Court ORDERS Plaintiff to file a second amended complaint, *sua sponte*, and DENIES AS MOOT Defendants' motions to dismiss (ECF No. 24). Plaintiff shall file her second amended complaint within 21 days of this order.

DATED this 28th day of January 2025.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge